In Re Leo Pratt, No. S0844-02 Cncv (Katz, J., June 10, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

IN RE LEO PRATT

ENTRY

Petitioner was found guilty and sentenced on three separate counts. For burglary, he was sentenced 5 to 15 years to be served concurrently with his second sentence of 0 to 5 for possession of stolen goods. Four months later, petitioner was sentenced 2 to 5 years for obstruction of justice. This sentence was ordered to be concurrent with the possession of stolen goods but (and here is the rub) consecutive to his burglary sentence. Petitioner argues that these sentences are "logically impossible" to add together and that the Department of Corrections has incorrectly calculated his total sentence. We beg to differ.

The problem posed by petitioner's sentence structure is essentially one of distribution. To clarify, we will express his sentence in somewhat algebraic terms:

1.    (Possession) concurrent with ((Burglary) consecutive to (Obstruction))

2.    (0–5yrs.) concurrent with ((5–15yrs.) consecutive to (2–5yrs.))

The consecutive sentences can then be added:

3.    (0–5yrs.) concurrent with (7–20yrs.)

Thus, petitioner's sentence comes out to a 7 year minimum– 20 year maximum period, which is what the Department of Corrections calculated.

In the alternative we could express petitioner's sentence as:

4.
((0–5yrs.) concurrent with (5–15yrs.)) consecutive to ((2–5yrs.) concurrent with (0–5yrs.))

But this is merely the equivalence of lines 1 and 2 with the (0–5yrs.) term distributed among the consecutive sentence terms. Or as a logician might write it: $p \lor (q \,\&\, r)$ is equivalent to $(p \lor q) \,\&\, (r \lor p)$.

In other words, it is logically quite possible to add petitioners sentence without ignoring or altering the terms of the sentence. That is

what the Department of Corrections did, consistent with the statutory language, 13 V.S.A. § 7032(a), and the applicable regulations.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

Dated at Burlington, Vermont_____, 2004.


_____
Judge